UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> KENZER SINQUEFIELD, <br><br> Defendant | No. 1:21-cr-00254-BLW <br><br> **Memorandum Decision & Order Granting Unopposed Motion to Modify Terms of Supervised Release** |

Before the Court is Kenzer Sinquefield's Unopposed Motion to Modify Terms of Supervised Release. Dkt. 28. Having reviewed the motion and finding good cause, the Court will grant the motion.

## Background

On January 20, 2022, the Court sentenced Mr. Sinquefield to fifteen months of incarceration followed by three years of supervised release. Dkt. 25. Now, Mr. Sinquefield, who has completed his term of incarceration and has four months left of his term of supervised release, requests that the Court remove the terms of supervision requiring him to obtain a GED or HSE.[1] He

---

[1] "If determined by the results of the Test of Adult Basic Education (TABE) that the defendant has the cognitive ability to do so, the defendant shall obtain their General Education Development (GED) degree or High School Equivalency (HSE) during the term of supervised release. The costs of education and testing shall be paid by the defendant." Dkt. 25 at 5.

argues the term is no longer necessary to further his rehabilitation because he has achieved the status of journeyman carpenter while on supervision. Mr. Sinquefield's motion to remove the condition is unopposed by the Government and supported by Probation.

## Legal Standard

A district court has broad discretion to modify conditions of supervised release. *United States v. Bainbridge*, 746 F.3d 943, 951 (9th Cir. 2014); 18 U.S.C. § 3583(e). In determining whether to modify supervised release conditions, the court: (1) considers the relevant § 3553 factors; (2) the provisions of Federal Rule of Criminal Procedure 32.1(c); and (3) follows the provisions applicable to the initial setting of the terms and conditions of post-release supervision. *Bainbridge*, 746 F.3d at 951. The relevant § 3553 factor focuses on "the need to provide the defendant with educational, vocational training, medical case or other rehabilitation." 18 U.S.C. § 3553(4).

## Analysis

Education is an important component of rehabilitation. But Mr. Sinquefield has furthered this interest by obtaining his journeyman certification as a carpenter. Dkt. 28, Ex. A. To obtain his certification, Mr. Sinquefield demonstrated a level of reading comprehension and mathematical knowledge that allowed him to test out of the normal apprenticeship and educational requirements. As a journeyman carpenter and member of the local

union, Mr. Sinquefield maintains employment. As a result, after considering all the relevant factors, the Court concludes that obtaining a GED is no longer necessary term of supervision for Mr. Sinquefield.

### Order

**IT IS ORDERED that** the Defendant's motion to modify the conditions of supervised release (Dkt. 28) is **GRANTED**.

DATED: February 20, 2025

_____
B. Lynn Winmill
U.S. District Court Judge